# FILED

DEC 2 3 2014

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

PERCY LOVE, III

Defendant.

_____ /

No. 2:13-CR-00306 TLN

# JURY INSTRUCTIONS

# GIVEN



District Judge Troy L. Nunley

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

PERCY LOVE, III

Defendant.

_____/

No. 2:13-CR-00306 TLN

**JURY INSTRUCTIONS**

## INSTRUCTION NO. 1

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to weigh and to evaluate all the evidence received in the case and, in that process, to decide the facts. It is also your duty to apply the law as I give it to you to the facts as you find them, whether you agree with the law or not. You must decide the case solely on the evidence and the law and must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. You will recall that you took an oath promising to do so at the beginning of the case.

You must follow all these instructions and not single out some and ignore others; they are all important. Please do not read into these instructions or into anything I may have said or done any suggestion as to what verdict you should return – that is a matter entirely up to you.

## INSTRUCTION NO. 2

The indictment is not evidence. The defendant has pleaded not guilty to the charges. The defendant is presumed to be innocent unless and until the government proves the defendant guilty beyond a reasonable doubt. In addition, the defendant does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charges beyond a reasonable doubt.

# INSTRUCTION NO. 3

The defendant has testified.  You should treat his testimony just as you would the testimony of any other witness.

## INSTRUCTION NO. 4

Proof beyond a reasonable doubt is proof that leaves you firmly convinced the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## INSTRUCTION NO. 5

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness; and

(2) the exhibits which are received in evidence; and

(3) any facts to which the parties have agreed.

## INSTRUCTION NO. 6

In reaching your verdict you may consider only the testimony and exhibits received in evidence. The following things are not evidence and you may not consider them as evidence in deciding what the facts are:

1. Questions, statements, objections, and arguments by the lawyers and the defendant are not evidence. The lawyers are not witnesses. Although you must consider a lawyer's questions to understand the answers of a witness, the lawyer's questions are not evidence. Similarly, what the lawyers and the defendant have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

2. Any testimony that I have excluded, stricken, or instructed you to disregard is not evidence. In addition, some evidence may have been received only for a limited purpose; when I have instructed you to consider certain evidence in a limited way, you must do so.

3. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

4. This instruction does not apply to the defendant's testimony which is evidence.

## INSTRUCTION NO. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned-on garden hose, may provide an explanation for the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both direct and circumstantial evidence. Either can be used to prove any fact. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the witness's opportunity and ability to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence;

(8)    any other factors that bear on believability; and

(9)    whether the witness been convicted of a felony.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## INSTRUCTION NO. 9

The Government must prove by a preponderance of the evidence that the offense charged was begun, continued or completed in the Eastern District of California.

To prove something by a preponderance of the evidence is to prove that it is more likely true than not true. This is a lesser standard than proof beyond a reasonable doubt. The requirement of proof beyond a reasonable doubt applies to all other issues in the case.

## INSTRUCTION NO. 10

The Eastern District of California includes the cities of Sacramento, Rancho Cordova, Suisun City, Fairfield, Benicia and Vacaville.

## INSTRUCTION NO. 11

The grand jury is a separate, pretrial proceeding. That proceeding should have no bearing on your determination of this case.

However, you may consider the grand jury testimony of Detective Derek Stigerts in deciding whether to believe this witness and how much weight to give to the testimony of this witness.

## INSTRUCTION NO. 12

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment. The defendant is not on trial for any conduct or offense not charged in the indictment.

## INSTRUCTION NO. 13

A separate crime is charged against the defendant in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

## INSTRUCTION NO. 14

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all the evidence about the statement, including the circumstances under which the defendant may have made it.

## INSTRUCTION NO. 15

You have heard evidence that the defendant committed other crimes, wrongs, and acts not charged here. You may consider this evidence only for its bearing, if any, on the question of the defendant's intent, knowledge, or absence of mistake and for no other purpose. You may not consider this evidence as evidence of guilt of the crimes for which the defendant is now on trial.

## INSTRUCTION NO. 16

You have heard evidence that the defendant has previously been convicted of a crime. You may consider that evidence only as it may affect the defendant's believability as a witness. You may not consider a prior conviction as evidence of guilt of the crimes for which the defendant is now on trial.

## INSTRUCTION NO. 17

You have heard testimony of eyewitness identification. In deciding how much weight to give to this testimony, you may consider the various factors mentioned in these instructions concerning credibility of witnesses.

In addition to those factors, in evaluating eyewitness identification testimony, you may also consider:

(1)  the capacity and opportunity of the eyewitness to observe the offender based upon the length of time for observation and the conditions at the time of observation, including lighting and distance;

(2)  whether the identification was the product of the eyewitness's own recollection or was the result of subsequent influence or suggestiveness;

(3)  any inconsistent identifications made by the eyewitness;

(4)  the witness's familiarity with the subject identified;

(5)  the strength of earlier and later identifications;

(6)  lapses of time between the event and the identification[s]; and

(7)  the totality of circumstances surrounding the eyewitness's identification.

## INSTRUCTION NO. 18

You have heard testimony from persons who, because of education or experience, were permitted to state opinions and the reasons for their opinions.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

INSTRUCTION NO. 19

Certain charts and summaries have been admitted in evidence. Charts and summaries are only as good as the underlying supporting material. You should, therefore, give them only such weight as you think the underlying material deserves.

## INSTRUCTION NO. 20

Title 18, United States Code 1591, makes it a federal crime or offense for anyone in or affecting interstate commerce to recruit, entice, harbor, transport, provide, or obtain by any means a person knowing that force, fraud, or coercion would be used to cause such a person to engage in a commercial sex act, or while knowing that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

In the Indictment, the defendant is charged in Counts 1, 2 and 4 with sex trafficking knowing that force, fraud, or coercion would be used to cause that person to engage in a commercial sex act. The defendant can be found guilty of Counts 1, 2, and 4 if each of the following elements are proved beyond a reasonable doubt:

First, the defendant knowingly recruited, enticed, harbored, transported, provided, or obtained a person;

Second, the defendant knew that force, fraud, or coercion would be used to cause such person to engage in a commercial sex act; and,

Third, that the offense was in or affecting interstate commerce.

The government must prove these elements with respect to counts 1, 2, and 4 charged in the Indictment beyond a reasonable doubt. You will be asked on the verdict form for Counts 1, 2 and 4 of the Indictment to mark whether you have unanimously found the government has proven beyond a reasonable doubt that the defendant knew that force, fraud, or coercion would be used to cause the person to engage in a commercial sex act.

## INSTRUCTION NO. 21

In Count One of the Indictment, the defendant is charged with sex trafficking "Kassandra Ledesma."

The defendant can be found guilty of that offense only if each of the following elements is proven beyond a reasonable doubt:

First, between a date beginning no later than on or about June 4, 2013, and on or about July 22, 2013, the defendant, did knowingly recruit, entice, harbor, transport, provide, or obtain Kassandra Ledesma;

Second, the defendant knew that force, fraud, or coercion would be used to cause Kassandra Ledesma to engage in a commercial sex act; and,

Third, the offense was in or affecting interstate commerce.

INSTRUCTION NO. 22

In Count Two of the Indictment, the defendant is charged with sex trafficking "Frankquisha Watson"

The defendant can be found guilty of that offense only if each of the following elements is proven beyond a reasonable doubt:

First, between on or about December 26, 2007, and on or about December 31, 2007, the defendant did knowingly recruit, entice, harbor, transport, provide, or obtain Frankquisha Watson;

Second, the defendant knew that force, fraud, or coercion would be used to cause Frankquisha Watson to engage in a commercial sex act; and,

Third, the offense was in or affecting interstate commerce.

## INSTRUCTION NO. 23

In Count Four of the Indictment, the defendant is charged with sex trafficking "Lacey Cater."

The defendant can be found guilty of that offense only if each of the following elements is proven beyond a reasonable doubt:

First, between a date beginning no later than on or about September 14, 2008, and on or about June 5, 2010, the defendant, did knowingly recruit, entice, harbor, transport, provide, or obtain Lacey Cater;

Second, the defendant knew that force, fraud, or coercion would be used to cause Lacey Cater to engage in a commercial sex act; and,

Third, the offense was in or affecting interstate commerce.

INSTRUCTION NO. 24

Title 18, United States Code 1591, makes it a federal crime or offense for anyone in or affecting interstate commerce to recruit, entice, harbor, transport, provide, or obtain by any means a person knowing that force, fraud, or coercion would be used to cause such a person to engage in a commercial sex act, or while knowing that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act.

In the Indictment, the defendant is charged in Count 3 with sex trafficking children, knowing that the person had not attained the age of 18 years and would be caused to engage in a commercial sex act. The defendant can be found guilty of Count 3 if each of the following elements is proven beyond a reasonable doubt:

First, the defendant knowingly recruited, enticed, harbored, transported, provided, or obtained a person;

Second, the defendant knew that such a person had not yet attained the age of 18 years and would be caused to engage in a commercial sex act; and

Third, that the offense was in or affecting interstate commerce.

The government must prove these elements with respect to Count 3 charged in the Indictment beyond a reasonable doubt.

## INSTRUCTION NO. 25

In Count Three of the Indictment, the defendant is charged with sex trafficking "Tanganay Vasquez"

The defendant can be found guilty of that offense only if each of the following elements is proven beyond a reasonable doubt:

First, between a date beginning no earlier than on or about November 18, 2006, and on or about December 31, 2009, the defendant, did knowingly recruit, entice, harbor, transport, provide, or obtain Tanganay Vasquez;

Second, the defendant knew that Tanganay Vasquez had not yet attained the age of 18 years and would be caused to engage in a commercial sex act; and,

Third, the offense was in or affecting interstate commerce.

## INSTRUCTION NO. 26

Title 18, United States Code, Section 1594, provides in pertinent part, that "whoever attempts to violate section 1591 shall be guilty of an offense against the United States.

The defendant is charged in Count 5 of the Indictment with Attempting to Commit Sex Trafficking of Children. In order for the defendant to be found guilty of Count 5, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant intended to commit the offense of sex trafficking of a person under the age of 18 years; and,

Second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Third, the defendant was not entrapped.

The elements of Sex Trafficking of Children are set forth in Instruction No 24.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

## INSTRUCTION NO. 27

In Count Five of the Indictment, the defendant is charged with Attempted Sex Trafficking of "Lanee Blankenship"

The defendant can be found guilty of that offense only if each of the following elements is proven beyond a reasonable doubt:

First, between on or about May 31, 2009, and on or about June 5, 2009, the defendant intended to commit the offense of sex trafficking as to Lanee Blankenship; and,

Second, the defendant did something that was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

Third, the defendant was not entrapped.

The elements of Sex Trafficking of Children are set forth in Instruction No 24.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

## INSTRUCTION NO. 28

In determining the offenses alleged in the Indictment you must consider the following definitions.

The terms "recruit," "entice," "harbor," "transport," "provide," or "obtain" have their ordinary meanings.

The terms "force" and "fraud" have their ordinary meanings.

The term "commercial sex act" is defined by statute as "any sex act, on account of which anything of value is given to or received by any person."

The term "coercion" is defined by statute as any threat of serious harm to or physical restraint against any person; or any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person, or any abuse or threatened abuse of law or the legal process.

Serious harm means any harm, whether physical and non-physical, including psychological, financial, or reputational harm that is sufficiently serious, under all the surrounding circumstances, to compel a reasonable person of the same background and in the same circumstances to perform or to continue performing commercial sexual activity in order to avoid incurring harm.

# INSTRUCTION NO. 29

In determining whether the offenses alleged in the Indictment were "in or affecting" interstate commerce, you must consider the following instructions.

"Interstate commerce" means trade, transactions, transportation or communication between any point in a state and any place outside that state, or between two points within a state through a place outside the state.

Acts and transactions that are economic in nature and cross state lines are "in" interstate commerce.

Acts and transactions that are economic in nature and affect the flow of money in the stream of commerce to any degree, however minimal, "affect" interstate commerce.

The government need not prove that the offense was both "in" and "affecting" interstate commerce. It need only prove one or the other.

It is not necessary for the government to prove that the defendant knew or intended that his conduct would affect commerce.

In determining whether the defendant's conduct was "in" or "affecting interstate commerce," you may consider, for each count, whether the defendant used means or facilities of interstate commerce, such as telephones, the internet, cellular telephones, hotels that serviced interstate travelers, or condoms that were manufactured outside of California.

## INSTRUCTION NO. 30

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

## INSTRUCTION NO. 31

Any claim that the minor was willing to engage in sexual activities is not a defense to the offenses of sex trafficking of a minor, or attempted sex trafficking of a minor.

## INSTRUCTION NO. 32

You will note that the Indictment charges that the offenses occurred "on or about" certain dates. The proof need not establish with certainty the exact date of the alleged offenses. It is sufficient if the evidence in the case establishes beyond a reasonable doubt that the offenses charged were committed on a date reasonably near the date ranges alleged in the Indictment.

## INSTRUCTION NO. 33

As it relates to Count Five only, the defendant contends that he was entrapped by a government agent. The government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped. The government must prove either:

1. the defendant was predisposed to commit the crime before being contacted by government agents, or

2. the defendant was not induced by the government agents to commit the crime.

When a person, independent of and before government contact, is predisposed to commit the crime, it is not entrapment if government agents merely provide an opportunity to commit the crime. In determining whether the defendant was predisposed to commit the crime before being approached by government agents, you may consider the following:

1. whether the defendant demonstrated reluctance to commit the offense;

2. the defendant's character and reputation;

3. whether government agents initially suggested the criminal activity;

4. whether the defendant engaged in the criminal activity for profit; and

5. the nature of the government's inducement or persuasion.

In determining whether the defendant was induced by government agents to commit the offense, you may consider any government conduct creating a substantial risk that an otherwise innocent person would commit an offense, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward, or pleas based on need, sympathy or friendship.

## INSTRUCTION NO. 34

As it relates to Count Five only, the defendant contends he was entrapped by a government agent. Whether or not Lanee Blankenship was acting as a government agent in connection with the crimes charged in this case, and if so, when that person began acting as a government agent, are questions for you to decide. In deciding those questions you should consider that, for purposes of entrapment, someone is a government agent when the government authorizes, directs, and supervises that person's activities and is aware of those activities. To be a government agent, it is not enough that someone has previously acted or been paid as an informant by other state or federal agencies, or that someone expects compensation for providing information.

In determining whether and when someone was acting as a government agent, you must look to all the circumstances existing at the time of that person's activities in connection with the crimes charged in this case, including but not limited to the nature of that person's relationship with the government, the purposes for which it was understood that person might act on behalf of the government, the instructions given to that person about the nature and extent of permissible activities, and what the government knew about those activities and permitted or used.

## INSTRUCTION NO. 35

When you begin your deliberations, elect one member of the jury as your foreperson who will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict for each count but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# INSTRUCTION NO. 36

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

## INSTRUCTION NO. 37

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

## INSTRUCTION NO. 38

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

## INSTRUCTION NO. 39

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.

## INSTRUCTION NO. 40

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer, signed by your presiding juror. No member of the jury should ever attempt to communicate with me except by a signed writing. I will respond to the jury concerning the case only in writing. If you send out a question, I will consult with the lawyers and the defendant before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, on any question submitted to you, including the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

## INSTRUCTION NO. 41

As alternate jurors, you are bound by the same rules that govern the conduct of the jurors who are sitting on the panel. You should not form or express any opinion about this case until after you have been substituted in for one of the deliberating jurors on the panel or until the jury has been discharged.